IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:10-CV-149-FL

| | | |
|---|---|---|
| JUANITA BOZEMAN TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings

pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (DE ## 27, 30). The motions were

referred to United States Magistrate Judge Robert B. Jones Jr. for entry of a memorandum and

recommendation ("M&R") pursuant to 28 U.S.C. § 636(b)(1). In his M&R, entered May 23, 2011

(DE # 32), the magistrate judge recommends the court grant plaintiff's motion, deny defendant's

motion, and remand to the Commissioner. Defendant timely objected to the M&R. In this posture,

the issues raise are ripe for ruling. For the reasons that follow, the court adopts in part the findings

and conclusions of the magistrate judge, and remands this matter for further proceedings.

## STATEMENT OF THE CASE

Plaintiff filed an application for Disability Insurance Benefits ("DIB") on May 29, 2007,

alleging disability beginning February 3, 2006. Plaintiff's claim was denied initially and upon

reconsideration. On December 14, 2009, plaintiff appeared before an administrative law judge

("ALJ"). Plaintiff was represented by counsel at this hearing. On January 29, 2009, the ALJ issued

a decision denying plaintiff's application. On June 2, 2010, the Appeals Council denied plaintiff's

request for review. Accordingly, the ALJ's determination following hearing is the final decision of the Commissioner.

Plaintiff filed complaint in this court on July 29, 2010, seeking review of the final agency decision denying benefits. Defendant answered on September 29, 2010. Pursuant to the court's scheduling order, plaintiff moved for judgment on the pleadings on December 20, 2010, and defendant followed suit on March 17, 2011.[1] The matter was referred to the magistrate judge, who concluded that the ALJ erred. Defendant timely objected to this conclusion on June 6, 2011, and plaintiff did not file response.

## DISCUSSION

A.    Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and

---

[1] The memorandum supporting defendant's motion for judgment on the pleadings, at docket entry 31, exceeds the length requirement of Local Civil Rule 7.2(e). Counsel is reminded in the future to abide by the court's local rules in all matters pending before the undersigned.

2

recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

B.    Analysis

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In this case, the ALJ determined at step one that plaintiff was no longer engaged in substantial gainful activity. At step two, the ALJ determined that plaintiff suffered from migraine headaches, a severe impairment. However, the ALJ concluded that plaintiff's diagnosed panic disorder was not severe. At step three, the ALJ found that plaintiff's migraines did not meet or

3

medically equal a listed impairment. The ALJ found that claimant had the residual functional capacity ("RFC") to perform medium work, so long as that work did not expose her to hazards on more than an occasional basis. At step four, the ALJ concluded that the RFC would allow plaintiff to return to past relevant work as a housing counselor and management clerk. As such, he concluded that plaintiff was not disabled.

Plaintiff contended that the ALJ erred by (1) improperly assessing plaintiff's credibility regarding her subjective complaints of pain and other symptoms, (2) failing to give the opinion of plaintiff's treating physician controlling weight, and (3) failing to discuss the disability determination made by the North Carolina Department of Health and Human Services ("NCDHHS"), a state agency. The magistrate judge fully agreed with plaintiff, but defendant objected to the magistrate judge's analysis and recommended disposition as to each of these errors. The court finds two of defendant's objections to be without merit, for reasons given below.

1. The ALJ's Credibility Determination

An ALJ employs a two-step process in evaluating the intensity, persistence, and limiting effects of symptoms on a claimant's ability to perform basic work. See Craig. 76 F.3d at 594; SSR 96-7p. 1996 WL 374186 at *2 (July 2, 1996). "First, the ALJ must determine whether medically determinable mental or physical impairments can produce the symptoms alleged. Second, the ALJ must evaluate the claimant's testimony about his subjective experiences." Fisher v. Barnhart, 181 F. App'x 359, 363 (4th Cir. 2006) (per curiam) (citing Craig, 76 F.3d at 591-96). The ALJ must consider the entire record in making this determination. 20 C.F.R. § 404.1529(c); SSR 96-7p, 1996 WL 374186 at *4. The ALJ may not discredit a claimant's testimony regarding the intensity and persistence of her symptoms merely because the objective medical evidence, meaning that based

4

upon clinical and laboratory diagnostic techniques, does not substantiate that testimony. 20 C.F.R. § 404.1529(c)(2). In addition to the objective medical evidence, the ALJ must consider a number of enumerated factors, such as the effect of symptoms on the claimant's daily life activities and the location, duration, frequency, and intensity of plaintiff's pain or other symptoms. 20 C.F.R. § 404.1529(c)(3). "The reasons for the [ALJ's] credibility finding must be grounded in the evidence and articulated in the determination or decision." SSR 96-7p, 1996 WL 374186 at *4.

At the first step of the credibility determination, the ALJ concluded that plaintiff's migraines represented a medically determinable impairment that could reasonably be expected to produce the symptoms alleged, including pain, sensitivity to light and sound, blurred or impaired vision, fatigue, numbness, nausea, slowed speech, memory loss, dizziness, and disorientation. But at the second step, the ALJ concluded that plaintiff's allegations regarding the frequency and severity of those symptoms were "unsupported by the medical evidence of record." Specifically, the ALJ cited normal MRI and MRA results from March 2006, a normal eye exam in May 2006, a normal CT scan of the brain in April 2007, and neurological examination findings noting plaintiff as being awake, alert, and oriented, with normal functioning and reflexes.

The ALJ impermissibly relied *exclusively* upon a lack of objective medical evidence in discounting plaintiff's testimony about her subjective complaints, in contravention of 20 C.F.R. § 404.1529(c)(2). As the magistrate judge noted, and as other court's have rightly concluded, this error is particularly troubling because migraines are incapable of diagnosis through laboratory or diagnostic testing. See, e.g., Thompson v. Barnhart, 493 F. Supp. 2d 1206, 1215 & n.7 (S.D. Ala. 2007); Ortega v. Chater, 933 F. Supp. 1071, 1075 (S.D. Fla. 1996). To borrow the Seventh Circuit's words from a recent unpublished decision:

The ALJ . . . appears to have thought, incorrectly, that the [normal] neurological test results somehow undercut [plaintiff's] claims that her migraines are severely painful. In fact, nothing in the record suggests that these tests can confirm either the existence of migraines or their likely severity. If anything, [plaintiff's treating physician's] conclusion that [plaintiff] suffered from severe migraines even in the face of the normal test results show that there are no diagnostic tests that work particularly well for migraines.

Strickland v. Barnhart, 107 F. App'x 685, 689 (7th Cir. 2004) (unpublished).[2]

The ALJ also mentioned plaintiff's testimony regarding her symptoms and her daily life activities, but did not purport to reach any conclusion regarding plaintiff's credibility based on this evidence, or at least did not articulate his thoughts on these enumerated credibility factors as required by SSR 96-7p. Defendant attempts to cure the ALJ's error by identifying inconsistencies between plaintiff's statements and those of her friend, Patsy Humbles ("Humbles"). But the ALJ accorded Humbles' opinion "only little weight," and did not appear to believe it to be inconsistent with plaintiff's testimony. Finally, defendant identifies additional alleged inconsistencies that the ALJ did not consider. However, it is not this court's place to consider these inconsistencies in the first instance, and the ALJ's credibility determination must be judged solely upon the grounds invoked by him. See Shoulars v. Astrue, 671 F. Supp. 2d 801, 818 (E.D.N.C. 2009).

2.      The Opinion of Plaintiff's Treating Physician

The opinion of a treating physician is "entitled to controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record." Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir.2001)

---

[2] The ALJ also noted plaintiff's purported denial, in August 2006, of "significant prior headaches." But as the magistrate judge rightly concluded, the ALJ mischaracterized the August 2006 treatment records in identifying this alleged inconsistency. This notation is repeated in each of plaintiff's treatment records, and is worded so as to indicate that she did not have significant headaches *prior to the migraines leading to her diagnosis*, not "prior to August 2006" as suggested by the ALJ.

(citing 20 C.F.R. § 416.927). However, if the treating physician's opinion is not supported by clinical evidence or is inconsistent with other "substantial evidence" of record, the ALJ has the discretion to give the opinion "significantly less weight" due to the "persuasive contrary evidence." Id. (citing Craig, 76 F.3d at 590; Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)). If the ALJ does not afford a treating physician's opinion controlling weight, he must consider (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the relevant evidence supporting the opinion, (4) consistency with the record as a whole, and (5) whether the physician is a specialist. See 20 C.F.R. § 404.1527(d). The ALJ must give "good reasons" for the weight given a treating physician's opinion. Id.

The ALJ gave little weight to the opinion of plaintiff's treating physician, Dr. Alfred A. De Maria, because he found the opinion to be conclusory, vague, and unsupported by the other medical evidence of record. Although the ALJ does not indicate specifically what "medical evidence of record" Dr. De Maria's opinion conflicted with, his use of that term to describe the MRI and MRA tests, CT scan, eye examination, and neurological examinations suggest that it was the same objective medical evidence used to discount plaintiff's credibility. The ALJ also decided to give significant weight to the conflicting medical opinions of the Disability Determination Services ("DDS") physicians. Finally, the ALJ concluded that Dr. De Maria's opinion went to issues reserved for the Commissioner.

The ALJ's conclusion that Dr. De Maria's opinion conflicted with the medical evidence of record is erroneous because, as already mentioned, migraines cannot be diagnosed or observed through neurological tests. See Strickland, 107 F. App'x at 688-89 (concluding that the ALJ erred in rejecting treating physician's opinion in part because "no doctor on record dispute[d] [the treating

7

physician's] diagnosis" of severe migraines and because the ALJ did not cite "any inconsistencies in the record" beyond the normal neurological tests). Nevertheless, Dr. De Maria's use of a check-box form without explanation and the fact that his opinion related to the ultimate issue of disability, which is reserved for the Commissioner, were valid reasons for the ALJ to accord his opinion less weight. See, e.g., Zonak v. Comm'r of Soc. Sec., 290 F. App'x 493, 496-97 (3d Cir. 2008) (unpublished); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1194-95 (9th Cir. 2004). The DDS opinions stating that plaintiff could perform medium work also provide support for the ALJ's decision to discount Dr. De Maria's opinion.

As did the magistrate judge, this court doubts that there is substantial or persuasive contrary evidence undercutting the opinion of plaintiff's treating physician. Every physician and specialist to have treated plaintiff concluded that she had severe migraines, and the ALJ improperly rejected plaintiff's testimony about the severity of her symptoms. Moreover, even if Dr. De Maria's "opinion" was conclusory, it appears to be substantiated by his treatment records. But given the broad discretion afforded to the ALJ in weighing the evidence, the court cannot conclude that the alternative justifications relied upon by the ALJ are insufficient to support his conclusion.

3.      NCDHHS's Medicaid Determination

A determination of another agency that a claimant is disabled, including a determination by a state agency such as NCDHHS, is not binding on the ALJ. See 20 C.F.R. § 404.1504. However, such a determination is evidence the ALJ must consider in making his own decision as to the claimant's disability. See id. § 404.1512(b)(5); SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006) ("[E]vidence of a disability decision by another governmental or nongovernmental agency

8

cannot be ignored and must be considered . . . . [T]he adjudicator should explain the consideration given to these decisions in the notice of decision . . . . .").

Here, the ALJ failed to mention the NCDHHS determination that plaintiff was disabled, instead merely citing to SSR 06-03p. Defendant concedes that courts in this district routinely remand such cases to the Commissioner, which is the course suggested by the magistrate judge. See, e.g., Alexander v. Astrue, No. 5:09-CV-432-FL, 2010 WL 4668312 (E.D.N.C. Nov. 5, 2010); Walton v. Astrue, No. 7:09-CV-112-D, 2010 WL 2772498 (E.D.N.C. July 9, 2010). But defendant argues that the courts have erred in doing so, both because the language of SSR 06-03p does not mandate an explanation of the weight given to other agencies' disability determination and because the ALJ's error was harmless under Shinseki v. Sanders, 556 U.S. ----, 129 S.Ct. 1696 (2009).[3]

This court is unpersuaded. As to defendant's first argument, courts have noted that an ALJ may not summarily dismiss the decision of another agency, but instead must "provide sufficient articulation for his reasons for doing so to allow for a meaningful review by the courts . . . ." See Owens ex rel. Metcalf v. Barnhart, 444 F. Supp. 2d 485, 492 (D.S.C. 2006); see also DeLoatche v. Heckler, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator."). As to the second argument, the court noted in Alexander that "[t]here is no consensus among the lower courts as to whether the holding of Shinseki applies outside of the context of the Court of Appeals for Veterans Claims and extends to Social Security cases," and that there is no Fourth Circuit decision

---

[3] In Shinseki, the Supreme Court held that statutory language requiring that the Veterans Court take "due account of the rule of prejudicial error" in adjudicating claims for veterans' benefits dictated that the court apply the harmless error rule applicable in ordinary civil cases. See 129 S. Ct. at 1704. The Supreme Court concluded that the framework employed by the Court of Appeals for the Federal Circuit, which shifted the burden to show an error was harmless onto the administrator, was inconsistent with that statutory language. See id. at 1708.

9

on point. <u>See</u> 2010 WL 4668312 at *3. Nevertheless, the court in <u>Alexander</u> concluded that the error before it was *not* harmless, <u>see id.</u>, a conclusion that also holds true here. "Medicaid decisions [by the NCDHHS] employ the same standards as the Social Security Administration," and the court cannot say that the ALJ's failure to consider another agency's decision reaching the opposite result is harmless. <u>See id.</u> at *4.

## CONCLUSION

For the foregoing reasons, upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, the court ADOPTS in part the findings and recommendations of the magistrate judge (DE # 32). The court concludes that the ALJ's faulty credibility determination and his failure to consider the decision of the NCDHHS require remand of this matter. Accordingly, plaintiff's motion for judgment on the pleadings (DE # 27) is GRANTED, and defendant's motion for judgment on the pleadings (DE # 30) is DENIED. This matter is REMANDED to the Commissioner for further proceedings consistent with this order. The Clerk is directed to close this case.

SO ORDERED, this the 7ᵗ day of July, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

10